UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>)<br>LOVEST CARTER ) | Case No. 1:19-cr-46-TRM-SKL-6 |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on October 10, 2019. At the hearing, defendant moved to withdraw his not guilty plea to Count One of the 19-count Superseding Indictment and entered a plea of guilty to the lesser included offense of the charge in Count One, that is of conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) in exchange for the undertakings made by the government in the written plea agreement [Doc. 138]. On the basis of the record made at the hearing, I find the defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by defendant; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; the defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

Therefore, I **RECOMMEND** defendant's motion to withdraw his not guilty plea to Count One of the Superseding Indictment be granted, his plea of guilty to the lesser included offense of the charge in Count One of the Superseding Indictment, that is of conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) in

exchange for the undertakings made by the government in the written plea agreement be accepted, the Court adjudicate defendant guilty of the lesser included offense of the charge in Count One of the Superseding Indictment, that is of conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) in exchange for the undertakings made by the government in the written plea agreement, and a decision on whether to accept the plea agreement be deferred until sentencing. Defendant made an oral motion to remain on bond after entry of his plea pending sentencing pursuant to 18 U.S.C. §§ 3143(a) & 3145(c). Defendant met the burden of proof for release pursuant to 18 U.S.C. § 3145(c) and I find exceptional reasons are present in this matter. Therefore, Defendant's oral motion to remain on bond pending sentencing is **GRANTED**. Therefore, I further **RECOMMEND** defendant remain on bond until sentencing in this matter. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen days after the plea hearing. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. See 28 U.S.C. §636(b).